UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY DAVIS, o/b/o N.L.D, a minor child,<br><br>                     Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                  Defendant. | NO:  12-CV-0592-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14 and 15).  Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Leisa A. Wolf.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court will grant Plaintiff's motion in part and deny Defendant's motion.

///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff, on behalf of N.L.D., a minor child, seeks judicial review of the Commissioner's final decision denying N.L.D. Supplemental Security Income Child Benefits under Title XVI.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is

1    susceptible to more than one rational interpretation, [the court] must uphold the

2    ALJ's findings if they are supported by inferences reasonably drawn from the

3    record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

4    court "may not reverse an ALJ's decision on account of an error that is harmless."

5    *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's]

6    ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).

7    The party appealing the ALJ's decision generally bears the burden of establishing

8    that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

9               **THREE-STEP PROCESS FOR CHILDHOOD DISABILITY**

10          To qualify for Title XVI (SSI) benefits, a child under the age of eighteen

11   must have "a medically determinable physical or mental impairment, which results

12   in marked and severe functional limitations, and which can be expected to result in

13   death or which has lasted or can be expected to last for a continuous period of not

14   less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has

15   established a three-step sequential analysis to determine whether a claimant

16   satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the Commissioner

17   considers whether the child is engaged in "substantial gainful activity." *Id.* at

18   § 416.924(b). Second, the ALJ considers whether the child has a "medically

19   determinable impairment that is severe," which is defined as an impairment that

20   causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, if

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." *Id.* at § 416.924(c)-(d); *Id.* at § 404, Subpt. P, App. 1.

If the ALJ finds that the child's impairment or combination of impairments does not meet or *medically* equal a listing, he or she must determine whether the impairment or combination of impairments *functionally* equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires him or her to evaluate the child's functioning in "six domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

> (1) Acquiring and using information;
> (2) Attending and completing tasks;
> (3) Interacting and relating with others;
> (4) Moving about and manipulating objects;
> (5) Caring for [oneself]; and
> (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitation in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

1   that "interferes *very* seriously with [a person's] ability to independently initiate,

2   sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i) (emphasis added).

3                                    **ALJ'S FINDINGS**

4           N.L.D.'s application for Title XVI Supplemental Security Income payments

5   was filed on September 29, 2009, with an alleged disability onset date of October

6   6, 2006.  Tr. 127-33.  The alleged onset date was subsequently amended to

7   September 29, 2009.  Tr. 47.  N.L.D.'s application was denied initially and upon

8   reconsideration, and N.L.D. requested a hearing before an ALJ.  Tr. 70-81.  A

9   hearing was held on March 1, 2011.  Tr. 45-67.  The ALJ issued a decision on

10  March 30, 2011, finding that N.L.D. was not disabled under the Social Security

11  Act.  Tr. 13-37.

12          At step one, the ALJ found that N.L.D. had not engaged in substantial

13  gainful activity since September 29, 2009, the application date.  Tr. 19.  At step

14  two, the ALJ found that N.L.D. had severe impairments consisting of asthma, leg

15  shortening, scoliosis, hearing issues complicated by ear infections, frequent urinary

16  tract infections, anxiety disorder, post-traumatic stress disorder, and developmental

17  delay.  Tr. 19.  At step three, the ALJ found that N.L.D. did not have an

18  impairment or combination of impairments that medically equaled or functionally

19  equaled a listed impairment.  Tr. 19.  With respect to functional equivalence, the

20  ///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

ALJ found that N.L.D. had the following limitations on the six domains:

> (1)  No limitation in acquiring and using information (Tr. 23-24);
>
> (2)  Less than marked limitation in attending and completing tasks (Tr. 24-25);
>
> (3)  Less than marked limitation in interacting and relating with others (Tr. 26);
>
> (4)  No limitation in moving about and manipulating objects (Tr. 27-28);
>
> (5)  Less than marked limitation in the ability to care for herself (Tr. 28-29); and
>
> (6)  Less than marked limitation in health and physical well-being (Tr. 29-31).

Thus, the ALJ concluded that N.L.D. had not been disabled under the Social Security Act since the application date of September 29, 2009.  Tr. 31.

N.L.D. subsequently requested review by the Appeals Council. Tr.189.  The Appeals Council denied review on September 12, 2012, making the ALJ's decision the Commissioner's final decision subject to judicial review.  Tr. 1-7; 42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

///

///

///

## ISSUE

N.L.D. raises a single issue for review: whether the ALJ erred in failing to find that N.L.D. had an "extreme" limitation in health and well-being for purposes of evaluating medical equivalence at step three.  ECF No. 14 at 9-10.

## DISCUSSION

N.L.D. contends that the ALJ erred in finding that she suffered from a "less than marked" limitation in health and well-being at step three.  According to N.L.D., the medical evidence of recurring exacerbations of her asthma, sinusitis and otitis media[1] support a finding of an "extreme" limitation in this domain.  Specifically, N.L.D. argues:

> N.L.D.'s documented signs and symptoms were substantially in excess of the requirements for showing a "marked" limitation.  In fact, combined, N.L.D. experienced 18 episodes of illness or exacerbations in 2009[,] and in 2010 she experienced 14 episodes of illness or exacerbations.  These numbers are far in excess of the requirements for showing a marked limitation, therefore, she should have [been found to have] an "extreme" [limitation] in the domain of health and physical well-being.

ECF No. 16 at 3; *see also* ECF No. 14 at 10.

///

///

///

_____

[1] Otitis media is the medical term for a middle ear infection.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

The definition of a "marked" limitation is set forth at 20 C.F.R. § 416.926a(e)(2).  The regulation provides, in pertinent part:

> For the sixth domain of functioning, "Health and physical well-being," we may also consider you to have a "marked" limitation <u>if you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs</u>.  For purposes of this domain, "frequent" means that you have episodes of illness or exacerbations that occur <u>on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more.</u>  We may also find that you have a "marked" limitation if you have episodes that occur <u>more often than 3 times in a year or once every 4 months but do not last for 2 weeks, or occur less often than an average of 3 times a year or once every 4 months but last longer than 2 weeks, if the overall effect (based on the length of the episode(s) or its frequency) is equivalent in severity.</u>

20 C.F.R. § 416.926a(e)(2)(iv) (emphasis added).

The definition of an "extreme" limitation is set forth at § 416.926a(e)(3).  The regulation states, in relevant part:

> For the sixth domain of functioning, "Health and physical well-being," we may also consider you to have an "extreme" limitation if you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs <u>substantially in excess of the requirements for showing a "marked" limitation</u> in paragraph (e)(2)(iv) of this section.  However, if you have episodes of illness or exacerbations of your impairment(s) that we would rate as "extreme" under this definition, your impairment(s) should meet or medically equal the requirements of a listing in most cases.

20 C.F.R. § 416.926a(e)(3) (emphasis added) (citation omitted).

///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

Having reviewed the record, the Court finds that the ALJ's conclusion with regard to N.L.D.'s health and physical well-being is not supported by substantial evidence. As N.L.D. correctly notes, the medical records document that N.L.D. was treated for asthma, sinusitis and otitis media on multiple occasions during 2009 and 2010. Although N.L.D. does not appear to have experienced episodes of illness or exacerbations as frequently as she claims (*i.e.*, 18 episodes in 2009 and 14 episodes in 2010), the medical records cited in her briefing (ECF No. 14 at 9-10) reveal at least five (5) episodes or exacerbations related to sinusitis in 2009 and at least seven (7) episodes or exacerbations related to sinusitis in 2010. Tr. 289, 291, 298, 444, 499, 519, 542, 543, 655. With regard to otitis media, the medical records document at least five (5) episodes or exacerbations in 2009 and at least three (3) episodes or exacerbations in 2010. Tr. 298, 402, 404, 411, 412, 501, 519, 542. The records are less clear about the frequency of episodes or exacerbations related to asthma, but several diagnoses note an increase in asthma symptoms in conjunction with sinusitis symptoms.

The ALJ did not specifically address any of the above evidence. Instead, the ALJ grouped all of N.L.D.'s numerous "health conditions" together and concluded that they fell short of a "marked" limitation in health and well-being:

> Considering the treatment records, prior evaluations, [medical expert] Dr. Thoman's opinion and the opinion from the claimant's mother, the undersigned concludes that the claimant had less than marked

1   limitations in her health and physical well-being.  In general, and in a
2   light most favorable to the claimant, her mother's statements on the
    frequency and severity of [N.L.D.'s] health conditions is not
3   supported by the record evidence.  There are multiple medical issues,
    but each one has either improved or stabilized with appropriate
4   treatment or medical care, were ruled out as a diagnosis, and/or did
    not appear to pose significant limitations in the claimant's overall
5   functioning.  (See Ex. 3F, 26F, 27F, 37F, 30F, 8F, 9F, 19F, 24F, 7F,
    2F, 31F, 17F, 11F, 14F, 32F, 35F, 1F, 4F, 33F, 25F, 22F, 10F, 21F,
6   and 29F).  Furthermore, after a thorough review, the undersigned
    concludes there was no evidence of an impairment, or combination of
7   impairments, that interfered seriously with the claimant's ability to
    initiate, sustain, or complete activities.

8   Tr. 30-31.

9        There are two problems with this analysis.  First, the ALJ did not address

10  whether N.L.D. met the criteria for a "marked" limitation as set forth in 20 C.F.R.

11  § 416.926a(e)(2)(iv), or whether her documented symptoms were "substantially in

12  excess" of those criteria within the meaning of 20 C.F.R. § 416.926a(e)(3)(iv).

13  This was non-harmless error, as the objective medical evidence appears to at least

14  satisfy the frequency threshold for a "marked" limitation as to N.L.D.'s sinusitis

15  and otitis media.  More importantly, however, the medical records cited by the ALJ

16  do not support his blanket conclusion that all of N.L.D.'s conditions were "either

17  improved or stabilized with appropriate treatment or medical care."  Tr. 30.  At

18  least with respect to N.L.D.'s sinusitis and otitis media, these records reflect

19  recurrent, ongoing problems.  Tr. 289, 291, 298, 402, 404, 411, 412, 444, 499, 501,

20  519, 542, 543, 655.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    Despite these deficiencies in the ALJ's analysis, it is not clear from the

2    existing record that the ALJ would be required to find N.L.D. disabled.  To be

3    entitled to benefits, N.L.D. must demonstrate an "extreme" limitation in health and

4    physical well-being.  A finding of a "marked" limitation on this domain would be

5    insufficient to support a finding of disability given that N.L.D. was found to have

6    "less than marked" or no limitations on the other five domains.  *See* 20 C.F.R. §

7    416.926a(a) (functional equivalence to a listed impairment requires "marked"

8    limitations in at least two domains or an "extreme" limitation in one domain).

9    Thus, the Court finds that a remand for an immediate award of benefits is not

10   appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

11       On remand, the ALJ should conduct a new hearing, solicit testimony from a

12   medical expert about N.L.D.'s ability to potentially satisfy the frequency criteria

13   set forth in 20 C.F.R. §§ 416.926a(e)(2)(iv) and (e)(3)(iv), and issue a new

14   decision.  N.L.D. may present new arguments and evidence and the ALJ may

15   conduct further proceedings as necessary.

16   **IT IS HEREBY ORDERED:**

17       1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **GRANTED**

18           **in part.**

19       2.  Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

3.  Pursuant to sentence four of 42 U.S.C. § 405(g), this action is

**REVERSED** and **REMANDED** to the Commissioner for further

proceedings consistent with this Order.  This Court retains jurisdiction.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Plaintiff, provide copies to counsel, and **CLOSE** this file subject to

reopening when the Commissioner shall file with the Court any such additional or

modified findings of fact and decision.

**DATED** October 7, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12